IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | Civ. No. 1:25-CV-447 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **RICHARD KEUERLEBER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.   Factual and Procedural Background

This case was referred to the undersigned on April 24, 2025. Upon review we note that the plaintiffs filed a prolix, 224-page complaint on March 11, 2025, which cites to various federal criminal and civil rights. (Doc. 1). In the past two months the plaintiffs have also filed a spate of wide ranging motions which includes some fifteen separate motions.

Included among these motions was a motion for entry of default judgment. (Doc. 27). This motion is fully briefed by the parties, who have also consented to magistrate judge jurisdiction. Therefore, the motion is ripe for resolution.

For the reasons set forth below, the motion will be denied.

## II.   **Discussion**

Under Rule 55 of the Federal Rules of Civil Procedure, a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). In ruling upon requests relating to default judgments it is well settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). In this case, we believe that these discretionary factors strongly favor denial of entry of default judgment.

Turning first to the question of whether all of the defendants have been properly served, the first prerequisite to entry of a default judgment, we find that this is a disputed threshold issue. In fact, the defendants have filed a motion contesting the adequacy of service upon them. (Doc. 32).[1] Therefore, at this juncture it cannot be said with certainty that the first prerequisite for entry of default—proper service of the complaint—has been satisfied. Therefore, default judgments are not appropriate.

In addition, it cannot be said that the defendants have failed to respond to this lawsuit. On the contrary, they have responded by challenging the sufficiency of service of process. Therefore, the second prerequisite to entry of default—a failure to respond—is also lacking here.

Further, in considering this motion we recognize that the law favors merits resolution of litigation. See United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95. Therefore, our assessment of this request must take into account three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendants have a meritorious defense; and (3) whether the default was the result of the defendants' culpable conduct. In our view, these factors weigh against entry of default and favor a merits-based determination of this case.

---

[1] We will, by separate order, promptly address this motion.

While we accept the plaintiffs' view that they are suffering prejudice due to any delays in litigation, we have remedied this potential harm by acting with dispatch in this case promptly addressing the merits of these claims. By following this course, we can mitigate any prejudice suffered by the plaintiffs. Further, while we do not prejudge this case, we note that there may be potential defenses which warrant full consideration on their merits in this case, a factor which weighs against entry of default.

Finally, we note that the third factor we must consider—whether the default was the result of the defendant's culpable conduct—also favors denial of this motion. In this case, the issue of proper service is contested. The defendants have a legal right to contest service and, on these facts, there simply has been no culpable conduct by the defendants which would justify foregoing a determination of this case on its merits.

Simply put, allowing these claims to be resolved on their merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this early stage of the litigation. However, entry of default would be highly prejudicial to the defendants, who would be totally denied the opportunity to defend these claims. Accordingly, weighing these discretionary

factors that govern entry of default judgments, the plaintiffs' motion for entry of default, (Doc. 27), will be DENIED.

An appropriate order follows.

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

DATED: May 14, 2025