IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM EDGAR LEWIS, et al., : | Civ. No. 1:25-CV-447 |
| Plaintiffs, : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| RICHARD KEUERLEBER, et al., : | |
| Defendants. : | |

## MEMORANDUM OPINION

### I.   Factual and Procedural Background

This case was referred to the undersigned on April 24, 2025. Upon review we note that the plaintiffs filed a prolix, 224-page complaint on March 11, 2025, which cites to various federal criminal and civil rights. (Doc. 1). In the past two months the plaintiffs have also filed a spate of wide ranging motions which includes some fifteen separate motions.

Included among these motions was a motion for summary judgment which was filed by the plaintiffs at the very inception of this lawsuit on March 11, 2025. (Doc. 2). Thus, the plaintiffs have sought judgment in their favor as a matter of law claiming that the facts are completely undisputed prior to service of the complaint

1

upon the defendants, any substantive response to the complaint by the defendants, or any factual discovery.

This motion is fully briefed by the parties, who have also consented to magistrate judge jurisdiction. Therefore, the motion is ripe for resolution. Because we regard this summary judgment motion as entirely too premature at this nascent stage of the litigation, this motion will be denied without prejudice to renewal at the close of discovery.

## II.   Discussion

The plaintiffs have moved for summary judgment at the outset of this litigation pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., 702 F.Supp.2d 465, 468 (M.D. Pa. 2010).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec.

& Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007). Further, it is emphatically not the province of the court to weigh evidence or assess credibility when passing upon a motion for summary judgment. Rather, in adjudicating the motion, the court must view the evidence presented in the light most favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Anderson, 477 U.S. at 252; see also Big Apple BMW, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the fact finder to ascertain the believability and weight of the evidence.

Id.

There is a necessary corollary to federal summary judgment practice. As the text of Rule 56 implies, a summary judgment motion is premised upon the existence of a fully developed and materially uncontested factual record. Therefore, in a case such as this, where there is a dispute regarding whether the parties have been served, no substantive responsive pleadings have been filed, and no discovery has been undertaken, summary judgment motions are often deemed premature and denied without prejudice to renewal at the close of discovery. See e.g., In re Pettaway, 457 F. App'x 96, 97 (3d Cir. 2012); Boyd v. Mason, No. 3:20-CV-02403, 2021 WL 11096486, at *2 (M.D. Pa. Sept. 20, 2021) ("Given the posture of this case, which is in the early pleading stages, we find the plaintiff's motion for summary judgment to be premature . . . ."); Figueroa v. Bonneville Cont. & Tech. Grp., Inc., No. CV 2014-78, 2015 WL 4978454, at *1 (D.V.I. Aug. 20, 2015); Njos v. Bureau of Prisons, No. 3:12-CV-1251, 2013 WL 6628226, at *2 (M.D. Pa. Dec. 11, 2013); Mueller v. CBS, Inc., 200 F.R.D. 242, 244 (W.D. Pa. 2001). This is a settled aspect of summary judgment practice because: "A court is 'obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" Pre-Settlement Fin., LLC v. Ellis, No. CV 18-6339-KM-CLW, 2019 WL 3543999, at *6 (D.N.J. Aug. 2, 2019) (citing Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007)).

So it is here. In this case the plaintiffs' summary judgment motion was filed along with the complaint and the plaintiffs seek a summary adjudication in their favor prior to resolution of threshold service issues, the filing of any substantive responses to the complaint by the defendants, or the conduct of essential factual discovery. Thus, the motion is entirely premature and will be denied without prejudice to renewal at the close of discovery in this case.

Simply put, the plaintiffs' summary judgment motion, while both sincere and imaginative, is premature. Accordingly, the plaintiffs' motion for summary judgment, (Doc. 2), will be DENIED without prejudice to renewal at the close of discovery.

An appropriate order follows.

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

DATED: May 14, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** : | Civ. No. 1:25-CV-447 |
| **Plaintiffs,** : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **RICHARD KEUERLEBER, et al.,** : | |
| **Defendants.** : | |

## ORDER

AND NOW this 14th day of May 2025, for the reasons set forth in the accompanying Memorandum Opinion IT IS ORDERED that the plaintiffs' motion for summary judgment, (Doc. 2), is DENIED without prejudice to renewal at the close of discovery.

<u>S/Martin C. Carlson</u><br>MARTIN C. CARLSON<br>United States Magistrate Judge