IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | **Civ. No. 1:25-CV-447** |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **RICHARD KEUERLEBER, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

As we consider the plaintiffs' latest filing, a motion seeking default judgment in what is plainly contested litigation, (Dos. 110), we are reminded that doing the same thing over and over again and expecting different results is the highest form of human folly. This case was referred to the undersigned on April 24, 2025. Upon review we noted that the plaintiffs filed a prolix, 224 page complaint on March 11, 2025 which cited to various federal criminal and civil rights. (Doc. 1). The plaintiffs had also filed a spate of wide ranging motions including a motion for entry of default judgment. (Doc. 27). We denied this request, but undeterred the plaintiffs have now filed yet another motion seeking entry of default judgment. (Doc. 110). In the alternative, the plaintiffs request that we identify when the defendants' responsive

1

pleadings are due given some ambiguity regarding the service waiver date in this case. (Id.) For the reasons set forth below, the motion for entry of default will be denied but we will set a responsive pleading deadline for the defendants.

As we have previously explained to the plaintiffs, under Rule 55 of the Federal Rules of Civil Procedure, a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). In ruling upon requests relating to default judgments it is well settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). In this case, we continue to believe that these discretionary factors strongly favor

denial of entry of default judgment. On this score we recognize that the law favors merits resolution of litigation. See United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95. Therefore, allowing these claims to be resolved on their merits is consistent with this cardinal guiding principle in our legal system. Accordingly, weighing these discretionary factors that govern entry of default judgments, the plaintiffs' latest motion for entry of default, (Doc. 110), will be DENIED.

However, we agree with the plaintiffs that "the just, speedy, and inexpensive determination of" this case would be facilitated by setting a date certain for the defendants' responsive pleadings. Fed. R. Civ. P. 1. Therefore, we will GRANT the plaintiffs' request that we set a date certain for the filing of a responsive pleading by these defendants and will order that the defendants respond to this complaint within sixty days of the date upon which they agreed to waive service of process, May 22, 2025. (Doc. 85).[1]

An appropriate order follows.

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

DATED: June 9, 2025

---

[1] While we set this sixty day deadline consistent with the service waiver rules, we strongly urge the defendants to file any responsive pleading or potentially dispositive motion in advance of this deadline so that all parties can promptly address the merits of their dispute.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** : | **Civ. No. 1:25-CV-447** |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| : | |
| **RICHARD KEUERLEBER, et al.,** : | |
| : | |
| **Defendants.** : | |

## **ORDER**

In accordance with the accompanying Memorandum IT IS ORDERED that the plaintiffs' the motion for entry of default, (Doc. 110), is DENIED but the plaintiffs' request that we set a date certain for the filing of responsive pleadings is GRANTED and IT IS ORDERED that the defendants respond to this complaint on or before **July 21, 2025**; that is, within sixty days of the date upon which they agreed to waive service of process, May 22, 2025. .

So ordered this 9th day of June 2025.

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge
