IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | Civ. No. 1:25-CV-447 |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **RICHARD KEUERLEBER, et al.,** | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

As we consider the plaintiffs' latest filing, yet another motion seeking default judgment in what is plainly contested litigation, (Doc. 123), we are reminded that doing the same thing over and over again and expecting different results is the highest form of human folly. This case was referred to the undersigned on April 24, 2025. Upon review we noted that the plaintiffs filed a prolix, 224 page complaint on March 11, 2025 which cited to various federal criminal and civil rights. (Doc. 1). The plaintiffs had also filed a spate of wide ranging motions including a motion for entry of default judgment. (Doc. 27). We denied this request, but undeterred the plaintiffs filed another motion seeking entry of default judgment. (Doc. 110). In the alternative, the plaintiffs requested that we identify when the defendants' responsive

1

pleadings are due given some ambiguity regarding the service waiver date in this case. (Id.) At the plaintiffs' specific request we then denied this motion for entry of default but ordered that the defendants respond to this complaint on or before July 21, 2025; that is, within sixty days of the date upon which they agreed to waive service of process, May 22, 2025. (Doc. 113).

Ignoring the fact that this response deadline—which the plaintiffs specifically requested that we set—has not elapsed the plaintiffs once again move for entry of a default judgment. (Doc. 123). This request is denied.  As we have previously explained to the plaintiffs on numerous occasions, under Rule 55 of the Federal Rules of Civil Procedure, a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). In ruling upon requests relating to default judgments it is well settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).  Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising

> its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d at 122; <u>Feliciano v. Reliant Tooling Company, Ltd.</u>, 691 F.2d at 656; <u>Farnese v. Bagnasco</u>, 687 F.2d at 764.

<u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, we continue to believe that these discretionary factors strongly favor denial of entry of default judgment. In particular we note that the July 21, 2025 response deadline which we set at the plaintiffs' request has not run. Therefore, it cannot be said that the defendants have "failed to plead or otherwise respond," Fed. R. Civ. P. 55(a), the legal prerequisite for entry of default. Further, we recognize that the law strongly favors merits resolution of litigation. <u>See</u> <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d at 194-95. Therefore, allowing these claims to be resolved on their merits is consistent with this cardinal guiding principle in our legal system. Accordingly, weighing these discretionary factors that govern entry of default judgments, the plaintiffs' latest motion for entry of default, (Doc. 123), will be DENIED.

An appropriate order follows.

<i>S/Martin C. Carlson</i><br>
MARTIN C. CARLSON<br>
United States Magistrate Judge

DATED: June 17, 2025

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | Civ. No. 1:25-CV-447 |
| **Plaintiffs,** | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| **RICHARD KEUERLEBER, et al.,** | : | |
| **Defendants.** | : | |

# **ORDER**

In accordance with the accompanying Memorandum IT IS ORDERED that the plaintiffs' the motion for entry of default, (Doc. 123), is DENIED.

So ordered this 17th day of June 2025.

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

4