## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | **Civ. No. 1:25-CV-447** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **RICHARD KEUERLEBER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

As we consider the plaintiffs' latest filing, a motion to reconsider our denial of yet another request for default judgment in what is plainly contested litigation, (Doc. 128), we are reminded that doing the same thing over and over again and expecting different results is the highest form of human folly. This case was referred to the undersigned on April 24, 2025. Upon review we noted that the plaintiffs filed a prolix, 224 page complaint on March 11, 2025 which cited to various federal criminal and civil rights statutes and sought to enjoin on-going state domestic relations litigation. (Doc. 1). The plaintiffs had also filed a spate of wide ranging motions including a motion for entry of default judgment. (Doc. 27). We denied this request, but undeterred the plaintiffs filed another motion seeking entry of default

1

judgment. (Doc. 110). In the alternative, the plaintiffs requested that we identify when the defendants' responsive pleadings were due given some ambiguity regarding the service waiver date in this case. (Id.) At the plaintiffs' specific request we then denied this motion for entry of default but ordered that the defendants respond to this complaint on or before July 21, 2025; that is, within sixty days of the date upon which they agreed to waive service of process, May 22, 2025. (Doc. 113).

Ignoring the fact that this response deadline—which the plaintiffs specifically requested that we set—has not elapsed the plaintiffs moved for a third time for entry of a default judgment on June 17, 2025. (Doc. 123). We denied this request explaining once again that the law strongly favors merits resolution of litigation. (Docs. 125, 126). Having been informed in clear and precise terms on June 17, 2025, that we intend to address this case on its merits on the following day, June 18, 2025, the plaintiffs attempted to do the same thing once again and hoped for a different result. Specifically, the plaintiffs moved to reconsider our prior rulings denying the entry of default judgments in this case. (Doc. 128).

This motion is denied. The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a

motion should only be granted in three, narrowly defined circumstances: where there is either "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not

a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. <u>See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case, the plaintiffs' motion to reconsider simply restates their prior claims and fails to meet the exacting standards required for a motion to reconsider. The plaintiffs cite to no new material evidence; there has been no intervening change in the law; and there is nothing about our decision—which denied entry of a default judgment against parties who are actively litigating this case—that constitutes a clear error of law or a manifest injustice. Instead, as we have previously explained to the plaintiffs on numerous occasions, under Rule 55 of the Federal Rules of Civil Procedure, a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). In ruling upon requests relating to default judgments it is well settled that these decisions are:

> [L]eft primarily to the discretion of the district court. <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the

party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, we continue to believe that these discretionary factors strongly favor denial of entry of default judgment. In particular we note that the July 21, 2025 response deadline which we set at the plaintiffs' request has not run. Therefore, it cannot be said that the defendants have "failed to plead or otherwise respond," Fed. R. Civ. P. 55(a), the legal prerequisite for entry of default. Further, we recognize that the law strongly favors merits resolution of litigation. See United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95. Accordingly, allowing these claims to be resolved on their merits is consistent with this cardinal guiding principle in our legal system. Since the plaintiffs' motion to reconsider does not satisfy the precise burden of proof and persuasion required by law for such motions, the motion to reconsider (Doc. 128) is DENIED.

An appropriate order follows.

_S/Martin C. Carlson_
MARTIN C. CARLSON
United States Magistrate Judge

DATED: June 18, 2025