## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM EDGAR LEWIS, et al., | : | Civ. No. 1:25-CV-447 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| RICHARD KEUERLEBER, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction and Background

In a short span of months, this case has become mired in a tortured procedural history, marked by a multiplicity of filings by the plaintiffs, who are embroiled in state and federal court litigation concerning some highly contentious domestic relations disputes. At the time that we assumed responsibility for this litigation on April 24, 2025, the docket in this case was in disarray. The plaintiffs had freighted the record with numerous motions, notices, and other filings. In particular, the plaintiffs have taken to filing legal nullities which they describe as "notices" which are often little more than a recitation of what they perceive to be past grievances. Indeed, the docket reveals the filing of more than twenty "notices" by the plaintiffs despite having been advised that the court does not act upon

"notices". Further, in some instances, the plaintiffs' motions were unaccompanied by briefs. In other instances, the plaintiffs sought relief that was plainly inappropriate, particularly at the outset of litigation since they essentially asked us to grant them sweeping relief at the outset of the case without making a showing of substantial likelihood of success on the merits. Further, the plaintiffs have persisted in filing such motions in a serial fashion even though they have repeatedly been informed that they are not entitled to the relief which they seek. Perhaps confused by the bewildering array of filings submitted by the plaintiffs, the defendants have also contributed somewhat to the chaotic state of this litigation by neglecting to respond to some motions filed by the plaintiffs until prompted to do so and by occasionally missing filing deadlines by a few days.

For our part, we have approached this litigation chaos guided by the animating principles underlying the Federal Rules of Civil Procedure which is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Towards this end we have addressed the parties' various technical procedural shortcomings as they have arisen, while instructing all parties to focus on promptly addressing the substantive legal issues presented by this litigation.

The plaintiffs have resisted these efforts to focus on the merits of their allegations, choosing instead on at least prior five occasions to try to secure a

favorable outcome in this contested litigation by insisting that they should receive a default judgment without any consideration of the basic issue of whether their claims have any legal or factual merit. We have consistently denied these attempts, repeatedly explaining to the plaintiffs that the law strongly favors merits based resolution of litigation.

It is against this backdrop that we consider the plaintiffs' latest effort to secure a favorable outcome in this case, without scrutiny of the merits of their claims. The plaintiffs have filed what is styled as an emergency motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure which alleges that "the record incontrovertibly reflects a sustained pattern of misconduct, manipulation, and noncompliance by Defendants and their legal representatives that has corrupted the integrity of this litigation and obstructed judicial process," and seeks the entry of a judgment in their favor without any examination of whether their claims have colorable merits, averring that:

> *Due to the egregious nature of the underlying lawsuit and the persistent, willful misconduct by Defendants and their Counsel — including procedural evasion, strategic deception, and ongoing noncompliance with Court Orders — the Plaintiffs respectfully assert that this case has now risen to a level warranting FINAL JUDGMENT in favor of the Plaintiffs as an equitable and judicially necessary remedy.*

(Doc. 98 at 1 and 2).

By insisting now for a *sixth* time that they are entitled to a default judgment in their favor the plaintiffs have once again run afoul of Einstein's folly: They are doing the same thing over and over again and expecting different results. Because the plaintiffs have not shown entitlement to this extreme form of relief, which exults form over substance and ignores the underlying legal questions in this litigation, their motion for sanctions, (Doc. 98), will be denied.

## II.    <u>Discussion</u>

Lewis and Holmes have filed this motion pursuant to Rule 11[1] of the Federal Rules of Civil Procedure seeking an outcome determinative sanction, the entry of judgment in their favor without consideration of the arguable merits of their claims. Several well-settled guiding principles inform our resolution of the instant sanctions motion.

---

[1] The plaintiffs' motion also relied upon Rule16(f) of the Federal Rules oof Civil Procedure and 28 U.S.C. §1927, but reliance upon Rule 16(f) of the Federal Rules of Civil Procedure to secure this severe sanction is clearly misplaced. That rule primarily pertains to failure to comply with pretrial conference requirements, but we have not scheduled any such conference in this case. Therefore, Rule 16 adds little to this motion. Likewise, 28 U.S.C. §1927  does not support the plaintiffs' claim for sanctions. That statute permits the court to sanction litigants who "multipl[y] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In this case, we find that it is the plaintiffs who have multiplied proceedings unreasonably by insisting upon relitigating the same issue again and again. In light of their *pro se* status, we have thus far elected to treat this penchant for pointless repetitive filings as regrettable, but not sanctionable. However, §1927 certainly does not provide grounds for sanctioning the defendants, who have been on the receiving end of this multitude of redundant filings.

By its terms, Rule 11 imposes an obligation upon litigants to refrain from frivolous and vexatious litigation, and specifically provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Having imposed this duty of forthrightness, candor, and good faith upon litigants, Rule 11(c) then provides for sanctions against parties who indulge in baseless and frivolous litigation, stating that:

> **(c) Sanctions.**
>
> **(1) *In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

5

Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

**(2) *Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

------------------------------------------------------------------

**(4) *Nature of a Sanction.*** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c).

"A filing is 'frivolous' for Rule 11 purposes if it is both baseless and made without a reasonable inquiry." Zion v. Nassan, 727 F. Supp. 2d 388, 413 (W.D. Pa. 2010) (citing Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir.2005)). Further, in determining whether to impose Rule 11 sanctions in a given case, we are cautioned that:

The standard developed by courts for imposition of sanctions under Rule 11 is stringent because such sanctions 1) are "in derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes," Eastway Construction Corp. v. City of New York, 637 F.Supp. 558, 564 (E.D.N.Y.

6

1986), <u>modified and remanded</u>, 821 F.2d 121 (2d Cir.), <u>cert. denied</u> 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); 2) tend to "spawn satellite litigation counter-productive to efficient disposition of cases," <u>Gaiardo</u>, 835 F.2d at 482; and 3) "increase tensions among the litigating bar and between [the] bench and [the] bar." <u>Eastway Construction Corp.</u>, 637 F.Supp. at 564. This Court and others have interpreted its language to prescribe sanctions, including fees, only in the "exceptional circumstance", <u>Gaiardo</u>, 835 F.2d at 483, where a claim or motion is patently unmeritorious or frivolous. <u>See, e.g.</u>, <u>Lieb v. Topstone Industries, Inc.</u>, 788 F.2d 151, 157 (3d Cir. 1986) ("Rule 11 therefore is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'") (quoting <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823, 831 (9th Cir. 1986)); <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1275 (2d Cir. 1986) ("[R]ule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'") (quoting <u>Eastway Construction Corp. v. City of New York</u>, 762 F.2d 243, 254 (2d Cir. 1985)), <u>cert. denied sub nom.</u> <u>County of Suffolk v. Graseck</u>, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

<u>Doering v. Union Cty. Bd. of Chosen Freeholders</u>, 857 F.2d 191, 194 (3d Cir. 1988).

Consistent with this stringent view of Rule 11 sanctions, it is also clear that:

Rule 11 sanctions are based on " 'an objective standard of reasonableness under the circumstances.' " <u>Id</u>. at 453 n. 3 (<u>quoting Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 94 (3d Cir.1988)). Bad faith is not required. <u>Id</u>.; <u>Jones</u>, 899 F.2d at 1358." <u>Martin v. Brown</u>, 63 F.3d 1252, 1264 (3d Cir.1995). Furthermore, it is well-settled under Rule 11 that: "Sanctions are to be applied only 'in the "exceptional circumstance" where a claim or motion is patently unmeritorious or frivolous.' <u>Doering v. Union County Bd. of Chosen Freeholders</u>, 857 F.2d 191, 194 (3d Cir.1988) (citation omitted). Rule 11's 'primary purpose is not "wholesale fee shifting but [rather] correction of litigation abuse .' " <u>Id</u>. (alteration in original) (citation omitted). It 'must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute,' and it

7

'should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.' <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 94 (3d Cir.1988) (citation omitted)." <u>Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account</u>, 618 F.3d 277, 297 (3d Cir.2010).

<u>United States v. Bogart</u>, No. 4:12-CV-347, 2014 WL 7466598, at *2 (M.D. Pa. Dec. 8, 2014).

"Moreover, the guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct." <u>DiPaolo v. Moran</u>, 407 F.3d 140, 146 (3d Cir. 2005). Therefore, when considering a sanctions motion, it is clear that "the main purpose of Rule 11 is to deter, not to compensate." <u>Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania</u>, 103 F.3d 294, 301 (3d Cir. 1996). Further, "[t]he language of Rule 11 evidences the critical role of judicial discretion' in making sanctions determination." <u>DiPaolo</u>, 407 F.3d at 145. This discretion extends both to the decision to impose sanctions, and the determination of what an appropriate sanction may be. <u>Id.</u>

Guided by these principles, in the exercise of our discretion we will deny this latest request that we enter a judgment in favor of Holmes and Lewis as a Rule 11 sanction without examining the legal merits of their case. While we have noted that all parties have on occasion erred in some minor ways in their submission of pleadings, none of these errors have been so grave, or so unreasonable, that the most severe of sanctions—the entry of an adverse judgment—is warranted. In

8

particular, we find that none of the defendants' pleadings have been "both baseless and made without a reasonable inquiry," <u>Zion</u>, 727 F. Supp. 2d at 413, the legal threshold required for Rule 11sanctions. Therefore, the plaintiffs simply have not shown that they have met the exacting standards required for sanctions in this case.

Moreover, the plaintiffs are not blameless for the tortured path of this litigation. Rather, they have contributed significantly to the litigative chaos that has plagued this lawsuit to date. They have contributed to this chaos through repetitive and pointless filings and the submission of redundant motions. Therefore, the plaintiffs lack a key equitable component to any sanctions motion—they do not come before the court with clean hands. On these facts, given that Rule 11 sanctions are appropriate "only in the 'exceptional circumstance,' " <u>Doering</u>, 857 F.2d at 194, we find that no sanctions are warranted here, and will deny this motion.

An appropriate order follows.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

DATE: July 8, 2025